**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

EDDIE JERMANE LEE,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C 08-3043-MWB
(No. CR 07-3004-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S § 2255 MOTION**

———————————

**TABLE OF CONTENTS**

*I.* **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A.* **The Criminal Proceedings** . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B.* **The § 2255 Motion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*II.* **LEGAL ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
   *A.* **Standards For Relief Pursuant To § 2255** . . . . . . . . . . . . . . . . 7
   *B.* **Preliminary Matters** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
      *1.* **Need for an evidentiary hearing** . . . . . . . . . . . . . . . . . . . . . 9
      *2.* **Procedural default** . . . . . . . . . . . . . . . . . . . . . . . . . . 10
   *C.* **Violation Of Due Process** . . . . . . . . . . . . . . . . . . . . . . . . . 11
      *1.* **Arguments of the parties** . . . . . . . . . . . . . . . . . . . . . . 11
      *2.* **Rule 11(c)(1)(C) plea agreements** . . . . . . . . . . . . . . . . . 12
      *3.* **Analysis of Lee's due process claim** . . . . . . . . . . . . . . . 13
   *D.* **Consideration For A "Crack Amendment" Reduction** . . . . . . . . . . 16
      *1.* **Arguments of the parties** . . . . . . . . . . . . . . . . . . . . . . 16
      *2.* **Analysis** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
   *E.* **Ineffective Assistance Of Counsel** . . . . . . . . . . . . . . . . . . . . 18
      *1.* **Applicable Standards** . . . . . . . . . . . . . . . . . . . . . . . . 19
      *2.* **Analysis** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
   *F.* **Certificate Of Appealability** . . . . . . . . . . . . . . . . . . . . . . . 24

*III.* **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

This case is before the court on petitioner Eddie Jermane Lee's August 25, 2008, *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (Civ. docket no. 1). As claims for relief, Lee asserts a due process violation in the taking of his guilty plea pursuant to a Rule 11(c)(1)(C) plea agreement; improper denial of a sentence reduction pursuant to 18 U.S.C. § 3582 under the "crack amendment" to the United States Sentencing Guidelines; and ineffective assistance of counsel in relation to his guilty plea. The respondent contends that Lee is not entitled to relief on any of the grounds that he raises.

## I. INTRODUCTION

### A. The Criminal Proceedings

In an Indictment (Crim. docket no. 4) handed down on January 25, 2007, petitioner Eddie Jermane Lee and two co-defendants (his cousins) were charged with various drug-trafficking crimes involving crack cocaine. Subsequently, on May 8, 2007, shortly before the scheduled trial date, the same three defendants where charged in a seven-count Superseding Indictment (Crim. docket no. 53). Lee was charged with the following offenses: Lee (and both co-defendants) were charged in **Count 1** with conspiracy to manufacture and distribute 50 grams or more of cocaine base, commonly called "crack cocaine," in violation of 21 U.S.C. § 846, and Lee was charged in **Counts 6** and **7** with two separate counts of possessing and aiding and abetting another to possess "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2.

2

Lee was represented in the criminal proceedings by appointed counsel. He was arraigned on the charges against him in the Superseding Indictment on May 17, 2007, and pleaded not guilty to those charges. *See* Arraignment Hearing Minutes (Crim. docket no. 79).

A jury trial before the undersigned on the charges against the three defendants commenced on May 22, 2007. *See* Trial Day 1 Hearing Minutes (Crim. docket no. 91). However, on the third day of trial, May 25, 2007, the parties notified the court that all three defendants had decided to change their pleas to guilty. *See* Trial Day 3 Hearing Minutes (Crim. docket no. 95). Therefore, on May 25, 2007, all three defendants pleaded guilty to the conspiracy charge in **Count 1**, with stipulated sentences, pursuant to an oral plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, with the understanding that the prosecution would dismiss the other charges against them at the time of sentencing. Lee agreed to a sentence of 11 years, one co-defendant agreed to a sentence of 7 years, and the other co-defendant agreed to a sentence of 14 years. The oral plea agreement also waived each defendant's right to appeal. After a comprehensive plea proceeding, including statement of the terms of the plea agreement on the record, the court accepted the defendants' guilty pleas to the conspiracy charge pursuant to Rule 11(c)(1)(C). *See* Plea Hearing Minutes (Crim. docket no. 97); *see also* Plea Hearing Transcript (Crim. docket no. 113).

Lee's sentencing hearing was set for August 17, 2007. *See* Crim. docket no. 102 (order). However, on August 1, 2007, the court received correspondence from Lee, which the court treated as a *pro se* motion for a new attorney (Crim. docket no. 111). At an *ex parte* hearing before Chief United States Magistrate Judge Paul A. Zoss, on August 10, 2007, Judge Zoss also considered whether Lee was attempting to withdraw his guilty plea, but Lee represented that he did not want to withdraw his plea, and his *pro se* motion for

a new attorney was denied. Hearing Minutes (Crim. docket no. 114); Hearing Transcript (Crim. docket no. 161).

At a sentencing hearing on August 17, 2007, the undersigned sentenced Lee to eleven years (132 months) pursuant to the terms of his oral Rule 11(c)(1)(C) plea agreement. Sentencing Hearing Minutes (Crim. docket no. 119); Judgment (Crim. docket no. 117); Sentencing Hearing Transcript (Crim. docket no. 163). A Pre-sentence Investigation Report (PSIR) (Crim. docket no. 126) had been prepared by the Probation Office, and the parties had filed objections to it, but the PSIR did not calculate an advisory sentencing guidelines range, because the parties had stipulated to a sentence of eleven years pursuant to the oral Rule 11(c)(1)(C) plea agreement, which the court had accepted. *See* PSIR (Crim. docket no. 126).

On January 1, 2008, Lee filed correspondence construed by the court as a *pro se* motion for appointment of counsel to assist with a request for a sentence reduction (Crim. docket no. 135). The same attorney who had been appointed to represent Lee in the prior criminal proceedings was again appointed to represent him in proceedings concerning a possible sentence reduction. *See* Order (Crim. docket no. 136); Appointment of Counsel (Crim. docket no. 137). Despite appointment of counsel, Lee filed correspondence on March 10, 2008, requesting assistance with seeking a sentence reduction and, on March 28, 2008, Lee filed a *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582 (Crim. docket no. 139). On April 7, 2008, Lee's appointed counsel moved to withdraw (Crim. docket no. 140), on the ground that he had advised Lee that he was not eligible for a sentence reduction pursuant to § 3582, because of his Rule 11(c)(1)(C) plea agreement, but Lee had ignored counsel and filed a *pro se* motion for such a reduction, suggesting loss of confidence in counsel's advice. By Order (Crim. docket no. 145), the undersigned denied Lee's request for a sentence reduction pursuant to 18 U.S.C. § 3582,

based on the "crack amendments," Amendments 706 and 711, to the United States Sentencing Guidelines, U.S.S.G. §§ 1B1.10 and 2D1.1. The Order cited decisions from other Circuit Courts of Appeals holding that, where the parties have entered into an agreement under Rule 11(c)(1)(C) (or its predecessor, Rule 11(e)(1)(C)) of the Federal Rules of Criminal Procedure, that agreement is binding on the court, and a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 is not warranted. The Order also granted counsel's motion to withdraw.

Lee did not appeal either his original conviction and sentence or the denial of his request for a sentence reduction pursuant to 18 U.S.C. § 3582 and U.S.S.G. § 1B1.10.

### B.  The § 2255 Motion

Petitioner Eddie Jermane Lee filed his *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (Civ. docket no. 1), accompanied by a brief, on August 1, 2008. Lee asserts three grounds for § 2255 relief. First, he asserts that he was "denied due process in the sentence calculation," alleging the following:

> Before accepting the guilty plea, and before sentencing, the Court never made a U.S. Sentencing Guideline calculation. That calculation is necessary to determine the propriety of the plea, and the reasonableness of the sentence. This prejudiced Lee when the lack of Guideline Calculation precluded [a] sentence reduction under 18 USC §3582.

Section 2255 Motion, Ground One. Second, Lee asserts that he "must be considered for a sentence reduction in light of the crack guideline amendment," alleging the following:

> The crack cocaine guideline was lowered 2-points, and promulgated for retroactive application. The Court could not apply the reduction under 18 USC §3582 because the Court

never made the required guideline calculation. Lee's plea agreement does not preclude the reduction.

Section 2255 Motion, Ground Two. Third, Lee asserts that he was "denied effective assistance of counsel," alleging the following:

> At trial, Counsel advocated Lee plead guilty to a charge not comensurate [sic] with his conduct; he faced a higher mandatory minimum sentence. Counsel would not generate a motion to withdraw the plea; Lee is stuck with the plea he requested withdrawn. Counsel did not endeavor to create a written plea agreement; now doubt exists whether [Lee] can obtain a benefit under the crack cocaine Guideline Amendment.

Section 2255 Motion, Ground Three. Lee explains that he did not previously raise these claims, because his attorney had advised him that he had waived his right to direct appeal of his conviction and sentence and counsel would not file an appeal. Section 2255 Motion, § 13. In his brief concerning the ineffective assistance of counsel claim asserted as Ground Three, Lee also asserts that counsel is responsible for the lack of a sentencing guidelines calculation, which is the basis for his claims asserted as Grounds One and Two. Petitioner's Memorandum In Support Of Motion Pursuant To 28 USC §2255 (Civ. docket no. 1-2), 10.

On October 1, 2008, Lee filed a *pro se* Motion To Supplement Petition Under 28 U.S.C. § 2255 (Civ. docket no. 2), again challenging the adequacy of the purported oral plea agreement and the plea proceedings. By Order (Civ. docket no. 3), the court granted Lee's Motion To Supplement, directed the respondent to file a response to Lee's § 2255 Motion by a specified deadline, and set a deadline for any reply by Lee.

After an extension of time to do so, the respondent filed, on January 28, 2009, a Court Ordered Response To Petitioner's Motion To Vacate, Set Aside, Or Correct

Sentence Pursuant To 28 U.S.C. § 2255 (Civ. docket no. 6), asserting that Lee is not entitled to any relief, and asserting that no hearing is required, because any necessary expansion of the record consists of the transcripts of various proceedings in the criminal case. Lee filed a *pro se* Reply (Civ. docket no. 7) on March 2, 2008.

## II.  LEGAL ANALYSIS

### A.  Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Lee's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting

*Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*)

On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have

acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Lee's claims for § 2255 relief.

## B. Preliminary Matters

### 1. Need for an evidentiary hearing

The court agrees with the respondent that no evidentiary hearing is required on Lee's § 2255 Motion. "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not

entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. §2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Lee's allegations either cannot be accepted as true, because they are contradicted by the record, or that, even if his allegations were accepted as true, they would not entitle him to relief.

### 2. *Procedural default*

The respondent does not assert that any of Lee's claims are procedurally defaulted, choosing, instead, to contest them solely on their merits. The court concludes that, to the extent that Lee's claims are cast as ineffective assistance of counsel claims—as Ground Three expressly is—they are not procedurally defaulted. The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). The court will also assume, without deciding, that Lee can establish the "cause and prejudice" necessary to overcome procedural default of his other claims, based on ineffective assistance of counsel, because, in his § 2255 Motion, Lee attributes failure to raise these claims in prior proceedings on his counsel's refusal to file an appeal and, in his brief, Lee attributes to his counsel the lack of a guidelines sentence calculation, which is the basis for the claims asserted as Grounds One and Two. *See Becht*, 403 F.3d at 545 (the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include

"ineffective assistance of counsel"). Therefore, like the respondent, the court will consider all of Lee's claims on the merits.

### C. Violation Of Due Process

Lee asserts, as his first ground for § 2255 relief, that he was "denied due process in the sentence calculation," because the court did not make a sentencing guidelines calculation before accepting his guilty plea. The respondent denies that Lee is entitled to any relief on this claim.

#### 1. Arguments of the parties

Lee argues that a sentencing guideline calculation was required before the court accepted his guilty plea to determine the propriety of the plea and the reasonableness of the stipulated sentence. He contends that the United States Supreme Court has made clear in two recent decisions, *Rita v. United States*, 551 U.S. 338 (2007), and *Gall v. United States*, 552 U.S. 38 (2007), that a district court should begin all sentencing proceedings by correctly calculating the applicable guidelines range. He also contends that, pursuant to U.S.S.G. § 6B1.1(c), and *United States v. Head*, 340 F.3d 628 (8th Cir. 2003), the court cannot accept a plea agreement until the PSIR is prepared and the applicable sentencing guidelines range is calculated. He also argues that, because the court is not bound by a sentencing stipulation in a plea agreement, it must consider the reasonableness of the sentence in light of the 18 U.S.C. § 3553(a) factors to determine the appropriate sentence. Lee contends that here, however, the court accepted his guilty plea and meted out the stipulated sentence without a PSIR or a guidelines range calculation and never determined that the stipulated sentence was reasonable. He also contends that this failure precluded a sentence reduction pursuant to 18 U.S.C. § 3582 in his case. In contrast, the respondent asserts that the court followed correct procedures in accepting Lee's guilty plea

11

and imposing the stipulated sentence, simply citing the transcripts from the plea hearing and the sentencing hearing. In reply, Lee clarifies that his argument is that there was no Rule 11(c)(1)(C) plea agreement, just a stipulation to a particular sentence, which was not binding on the court. He asserts that, in the absence of a written and duly advised agreement at the plea hearing, a Rule 11(c)(1)(C) agreement does not exist.

##### 2. *Rule 11(c)(1)(C) plea agreements*

Rule 11 of the Federal Rules of Criminal Procedure provides, in pertinent part, as follows:

### (c) Plea Agreement Procedure

> **(1) In General.** An attorney for the government and the defendant's attorney, or the defendant, when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:
>
> * * *
>
> **(C)** agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provisions of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

FED. R. CRIM. P. 11(c)(1)(C) (formerly Rule 11(e)(1)(C)). The Eighth Circuit Court of Appeals has explained that a Rule 11(c)(1)(C) plea agreement is "contractual" in nature. *United States v. Scurlark*, 560 F.3d 839, 842 (8th Cir. 2009). However, based on the language of Rule 11(c)(1)(C),

> "[a] plea agreement under Rule 11(c)(1)(C), like all plea
> agreements, is binding on both the government and the
> defendant, but Rule 11(c)(1)(C) plea agreements are unique in
> that they are also binding on the court *after* the court accepts
> the agreement." *United States v. Kling,* 516 F.3d 702, 704
> (8th Cir. 2008); *see also United States v. Pacheco-Navarette,*
> 432 F.3d 967, 972 (9th Cir. 2005) ( "[T]he district court is not
> permitted to deviate from . . . sentences stipulated in [ Rule
> 11(c)(1)(C) ] agreements."); *United States v. Williams,* 260
> F.3d 160, 165 (2d Cir. 2001) ("[A] district court may accept
> or reject a Rule 11(e)(1)(C) sentence bargain, but may in no
> event modify it.").

*Scurlark*, 560 F.3d at 842 (emphasis in the original). Rule 11(c)(1)(C) plea agreements
are not invalid under *United States v. Booker*, 543 U.S. 220 (2005), which made the
Sentencing Guidelines advisory, because "[c]ourts are not obligated to accept plea
agreements." *United States v. Kling*, 516 F.3d 702, 704 (8th Cir. 2008).

### 3. *Analysis of Lee's due process claim*

Nothing in Rule 11 requires that a Rule 11(c)(1)(C) plea agreement be in writing
to be binding. Thus, Lee's contention that his due process rights were violated, or that no
plea agreement existed, because there was no written plea agreement, fails. Moreover,
Lee's plea agreement precisely fits the terms of Rule 11(c)(1)(C), because it involved an
agreement "that a specific sentence . . . is the appropriate disposition of the case." FED.
R. CRIM. P. 11(c)(1)(C). Thus, Lee's oral Rule 11(c)(1)(C) plea agreement appears to be
valid.

The district court may, however, reject a Rule 11(c)(1)(C) plea agreement, for
example, based upon a determination that the agreement was "'involuntary and unfair.'"
*Id.* (quoting *Kling*, 516 F.3d at 704); *see also Kotz v. United States*, 353 F.2d 312, 314
(8th Cir. 1965) ("Due process, as related to the validity of a plea of guilty, requires that

the plea be voluntarily and understandingly made."). Contrary to Lee's present assertions, nothing in the record suggests that his plea was involuntary; indeed, the extensive plea colloquy in the Plea Hearing Transcript (Crim. docket no. 113), demonstrates that Lee clearly understood the terms and effect of the plea agreement and entered into it voluntarily and knowingly. *See United States v. Smith*, 413 F.3d 778, 780 (8th Cir. 2005) (where the district court questioned the defendant extensively about his understanding of the plea agreement, including terms such as an appeal waiver, during the change of plea colloquy, the district and appellate courts could conclude that the defendant voluntarily and knowingly entered into the plea agreement). Counsel also represented, without contemporaneous contradiction by Lee, that counsel had engaged in plea discussions with Lee and the prosecutor for "weeks" prior to the trial. Plea Hearing Transcript, 22:14-23:5. This Rule 11(c)(1)(C) plea agreement was also far from unfair, as it undoubtedly reduced Lee's sentence by almost half, as compared to what he was likely to receive, if the court imposed a sentence within the applicable advisory sentencing guidelines range.

Indeed, contrary to Lee's contention, there was no deficiency in the plea or sentencing proceedings arising from a purported lack of awareness by either the parties or the court of Lee's likely applicable guidelines sentencing range. The Plea Hearing Transcript demonstrates that Lee was advised by the court that his maximum possible sentence was life imprisonment, and he stated that he understood that. *See* Plea Hearing Transcript (Crim. docket no. 113), 9:19—10:3. The prosecutor also represented to the court, without contradiction from Lee's attorney, that he had had discussions with Lee's attorney concerning his guidelines calculation, and they had determined that Lee "would be up in the close to the 240-month range of the guidelines, but that would not be a statutory maximum." Plea Hearing Transcript, 21:11-20. Indeed, at the Plea Hearing, Lee's counsel set out in detail his sentencing guidelines calculations, reflecting potential

sentencing ranges of 210 to 262 months, 235 to 293 months, 262 to 327 months, or 292 to 365 months, based on various possible findings by the court. *See* Plea Hearing Transcript, 26:9-27:3. Thus, the lack of any guidelines sentence calculation in the PSIR had no effect on the court's ability to assess the fairness or reasonableness of the stipulated sentence prior to accepting the Rule 11(c)(1)(C) plea agreement binding Lee, the prosecutor, and the court to a sentence of 132 months for Lee, because the court and the parties were all fully aware of Lee's likely advisory sentencing guidelines range.

Finally, Lee's assertion that he was denied due process, because the court did not consider the 18 U.S.C. § 3553(a) factors in determining his sentence is without merit. At Lee's sentencing hearing on August 17, 2007, the court expressly raised the question of whether or not it had an obligation to review independently the § 3553(a) factors and to indicate that it still believed that the Rule 11(c)(1)(C) plea agreement was reasonable in light of those factors. *See* Sentencing Hearing Transcript (Crim. docket no. 163), 3:18-4:12. Notwithstanding Lee's counsel's willingness to waive the court's "going through the 3553 analysis," Sentencing Hearing Transcript (Crim. docket no. 163), 4:20-24, the court did independently review the § 3553(a) factors, and concluded that they did not change the court's view of the appropriateness of the Rule 11(c)(1)(C) stipulated sentence. Sentencing Hearing Transcript (Crim. docket no. 163), 7:21-8:5.

Lee is not entitled to any relief pursuant to § 2255 on his claim of violation of his due process rights in acceptance of his Rule 11(c)(1)(C) plea agreement or the imposition of a sentence pursuant to that agreement.

### D. Consideration For A "Crack Amendment" Reduction

Lee also contends that he "must be considered for a sentence reduction in light of the crack guideline amendment." The respondent denies that Lee is entitled to any such relief.

#### 1. Arguments of the parties

Lee contends that he was only precluded from a § 3582 sentence reduction, because the court never made the required guideline calculation. He also asserts that his Rule 11(c)(1)(C) plea agreement does not preclude such a reduction. The respondent argues that, once the district court accepted Lee's Rule 11(c)(1)(C) plea agreement, the court could not alter his sentence, precluding any reduction pursuant to 18 U.S.C. § 3582 and the "crack amendments." In reply, Lee cites the decision of the Fourth Circuit Court of Appeals in *United States v. Dews*, 551 F.3d 204 (4th Cir. 2008), as holding that a Rule 11(c)(1)(C) plea agreement does not preclude a reduction in sentence pursuant to § 3582 and the "crack amendments."

#### 2. Analysis

Contrary to Lee's contentions, it was not the court's purported failure to determine his advisory sentencing guidelines range that precluded any sentence reduction pursuant to § 3582 and the "crack amendments" in his case, but his Rule 11(c)(1)(C) plea agreement stipulating to a specific sentence. The Eighth Circuit Court of Appeals has expressly, and now repeatedly, held that, once the district court accepted a Rule 11(c)(1)(C) agreement,

> the court . . . was bound to sentence [the defendant] pursuant to the terms of the parties' agreement, and § 3582(c)(2) became inapplicable because [the defendant's] sentence was based on the agreement and not "a sentencing range that ha[d] subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see also United States v. Cieslowski,* 410 F.3d 353, 364 (7th Cir. 2005) ("A sentence imposed under a Rule

11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines, even though the court can and should consult the Guidelines in deciding whether to accept the plea."); *United States v. Trujeque,* 100 F.3d 869, 871 (10th Cir. 1996) ("Mr. Trujeque's sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.' Instead, his sentence was based on a valid Rule 11(e)(1)(C) plea agreement." (quoting 18 U.S.C. § 3582(c)(2))).

*Scurlark*, 560 F.3d at 842;[1] *accord United States v. Ayala*, 2009 WL 3617550, *1 (8th Cir. Nov. 4, 2009) (*per curiam*) (unpublished op.) ("[S]entences based upon a binding Rule 11(c)(1)(C) plea agreement cannot be altered pursuant to the Guidelines amendments reducing base offense levels for crack cocaine offenses," citing *Scurlark*); *United States v. Dixon*, 2009 WL 2031723 (8th Cir. July 15, 2009) (*per curiam*) (slip op.) (same, citing *Scurlark*); *United States v. Fonville*, 327 Fed.Appx. 673 (8th Cir. 2009) (same, citing *Scurlark*); *United States v. Shelton*, 324 Fed.Appx. 530 (8th Cir. 2009) (same, citing *Scurlark*). The Eighth Circuit Court of Appeals has held that a § 3582 reduction pursuant to the "crack amendments" is not available to a defendant sentenced pursuant to Rule 11(c)(1)(C), even if the plea agreement involved only a stipulation to a sentencing range, not a particular sentence, because "Rule 11(c)(1)(C) itself provides that parties may agree to 'a specific sentence *or* sentencing range' and states that courts are bound by those agreements regardless." *Id.* at 843 (emphasis added by the court, and adding that it was unlikely that the defendant's guideline sentencing range would have been at or near the stipulated sentencing range).

---

[1]In so holding, the Eighth Circuit Court of Appeals joined the majority of courts to consider the question. *See Scurlark*, 560 F.3d at 841 n.2 (citing cases, some of which were cited by this court in denying Lee's motion for a sentence reduction pursuant to § 3582).

In so holding, the Eighth Circuit Court of Appeals in *Scurlark* expressly rejected the decision of the Fourth Circuit Court of Appeals in *Dews*. *See Scurlark*, 560 F.3d at 841 n.2 (noting that the only decision contrary to the majority position it adopted was the decision in *Dews*). Moreover, the decision in *Dews* is distinguishable, because the Rule 11(c)(1)(C) plea agreement (actually under the predecessor rule, Rule 11(e)(1)(C)) in that case "contemplated that the stipulated sentence would be a guidelines sentence, and the parties also expected that the district judge would independently calculate and determine the applicable guidelines range." *Dews*, 551 F.3d at 208. Thus, the Fourth Circuit Court of Appeals concluded that the first requirement for a § 3582(c)(2) sentence reduction, imprisonment based on a guidelines sentencing range, was met. *Id.* at 208-09. In Lee's case, however, his plea agreement did not contemplate a sentence within any guidelines range, did not contemplate the court independently calculating and determining the applicable guidelines range, and did not involve any stipulation to a sentence within (or anywhere near) any otherwise applicable guidelines sentencing range. Thus, *Dews* does not change the result in this case.

Lee is not entitled to any relief pursuant to § 2255 on this claim, either.

### E. Ineffective Assistance Of Counsel

Lee's final claim is that his counsel was ineffective in advocating that Lee plead guilty to a charge that was "not comensurate [sic] with his conduct," *i.e.*, a conspiracy charge, when he now contends that he was not involved in any conspiracy; failing to file a motion to withdraw Lee's guilty plea; and failing to obtain a written plea agreement. In his brief, he adds that counsel improperly continued to represent him after Lee accused him of misconduct and moved the court for a new attorney, so that his counsel labored under a conflict of interest that precluded adequate representation. He contends that he

was prejudiced by counsel's ineffective assistance, among other reasons, because he cannot now obtain a sentence reduction pursuant to § 3582 and the "crack amendments."

### 1. Applicable Standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). As noted above, in the discussion of procedural default, the Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See Hughes*, 330 F.3d at 1069 ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing

*Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong,

the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. *Analysis*

The primary basis for Lee's ineffective assistance of counsel claim is that he was simply not guilty of, and there was insufficient evidence to show, that he was involved in a conspiracy, so that counsel was ineffective in urging or allowing him to plead guilty to the conspiracy charge. He now contends that the extent of his involvement in any drug-trafficking with his co-defendants (his cousins) was with the "overt acts" of the alleged conspiracy charged in **Counts 6** and **7**. Lee cannot satisfy either of the elements of an ineffective assistance of counsel claim on this contention. First, the record utterly fails to "show that [Lee's] 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 687). Based on the evidence presented in the first two days of trial, including evidence of Lee's repeated distributions of crack cocaine obtained from his co-defendants, any reasonable attorney would have believed that there was sufficient evidence to convict Lee of the conspiracy charge. Lee was also advised at the

plea hearing of the elements of the conspiracy charge and Lee expressly admitted that, based on the evidence presented thus far in the trial, there was sufficient evidence to convict him of the conspiracy charge, and he then agreed that he committed the charged crime. *See* Plea Hearing Transcript, 6:3-8:22. Second, in light of that same evidence, there is *no* "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Lee almost undoubtedly would have been convicted of the conspiracy offense, in the absence of a plea agreement, and would have lost all the very substantial benefits of the stipulated sentence, which was just over half the advisory guideline sentence he would likely have faced, if he had been convicted of the charged offenses by the jury.

Lee's claim of ineffective assistance of counsel for failure to move to withdraw his guilty plea is equally unavailing. Where Lee had entered into a Rule 11(c)(1)(C) plea agreement, and the court had advised Lee at the time of his plea that it would be "very, very, very difficult" to get his plea set aside, Plea Hearing Transcript, 19:8-18, it was not unreasonable for Lee's counsel to advise against moving to withdraw Lee's guilty plea. Indeed, Lee preempted any motion by counsel to set aside his guilty plea by filing on August 1, 2007, a *pro se* request for a new attorney, which Judge Zoss construed as also including a request to withdraw his guilty plea. *See Pro Se* Motion (Crim. docket no. 111); Hearing Minutes (Crim. docket no. 114); Hearing Transcript (Crim. docket no. 161). Lee also cannot show any deficient performance or prejudice, even if his counsel failed to move to withdraw his guilty plea, because Lee himself informed Judge Zoss at the August 10, 2007, hearing that he "didn't want to withdraw my plea because it was chances that I might not get 11 years, I might get more than that." Hearing Transcript (Crim. docket no. 161), 7:5-7. Lee's present contention that he wanted to withdraw his

guilty plea and that counsel should have made a motion to do so is, thus, contrary to his assertion before Judge Zoss that he did not want to withdraw his guilty plea.

The August 10, 2007, hearing before Judge Zoss also defeats Lee's claim that his counsel improperly continued his representation after Lee sought a new attorney. Counsel clearly does not perform deficiently in continuing to represent a defendant after the court denies the defendant's motion for a new attorney. Moreover, where Lee had entered into a valid Rule 11(c)(1)(C) plea agreement, he cannot show that he was prejudiced by counsel's continued representation of him through a sentencing hearing that simply imposed the stipulated sentence.

Finally, counsel did not perform deficiently by failing to obtain a written plea agreement. As noted above, Rule 11(c)(1)(C) nowhere requires that a plea agreement including a stipulated sentence must be in writing. Moreover, in this case, the terms of the parties' Rule 11(c)(1)(C) agreement were stated clearly, on the record, in open court, and Lee did not object to the recitation of the terms. Thus, a written agreement would have been superfluous. Lee also cannot point to any way in which the record supports his contention that he was prejudiced by counsel's purported failure to obtain a written plea agreement. As a matter of fact and law, it was not failure of counsel to obtain a written plea agreement that precluded Lee from obtaining a sentence reduction pursuant to § 3582 and the "crack amendments," but the Rule 11(c)(1)(C) agreement itself, which disqualified Lee from any subsequent sentence reduction. Lee has not pointed to any reasonable probability that the result in the case would have been different, if counsel had obtained a written plea agreement.

Finally, even if any of counsel's conduct had prevented a sentence reduction pursuant to § 3582, Lee cannot show prejudice sufficient to sustain a claim of ineffective assistance of counsel, because the only reasonable probability of a different result in the absence of counsel's conduct in this case is a far worse result of a sentence in Lee's likely

advisory guidelines range of almost twice the 132 months he was sentenced to pursuant to the Rule 11(c)(1)(C) plea agreement. Indeed, the court finds that counsel's performance was unusually *effective* and that the result he obtained was far more *beneficial* than Lee had any reason to hope for or expect.

### F. Certificate Of Appealability

Denial of Lee's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> * * *
>
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that

"'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Lee has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Lee's claims to be debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Lee does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

## III. CONCLUSION

Upon the foregoing, petitioner Eddie Jermane Lee's August 25, 2008, *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (Civ. docket no. 1) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 20th day of November, 2009.

*Mark W. Bennett*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA